IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,974-01 & WR-77,974-02






EX PARTE PRESTON FOSTER PHILLIPS, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 6134 & 6135 IN THE 121ST DISTRICT COURT


FROM TERRY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to twenty years' imprisonment in each cause.

 Applicant contends, inter alia, that trial counsel rendered ineffective assistance by failing to
timely convey a pre-indictment plea offer of twenty months' state jail.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791 (Tex. Crim. App. 2001); Lafler v. Cooper, 132
S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to
respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether the State offered a plea deal for twenty
months' state jail, and if so, whether counsel timely conveyed that offer to Applicant. The trial court
shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 22, 2012

Do not publish